COLLIER & CHARLTON, for plaintiff in error.

S. F. WEBB, for defendants.

---

## NEAL *vs.* THE STATE OF GEORGIA.

1. Where counsel for plaintiff in error were apprized of a defect in the record, and of the fact that the clerk's certificate to the bill of exceptions was fatally defective, in time to have had such defects corrected before the case was reached in this court, a suggestion of the diminution of the record will not be allowed on the call of the case, and the writ of error will be dismissed.
2. The certificate of the clerk to the bill of exceptions must cover the fact that it is the original, or the writ of error will be dismissed.

Diminution of the record. Practice in the Supreme Court. February Term, 1880.

When this case was called, counsel for plaintiff in error suggested a diminution of the record, upon the ground that the clerk had failed to send up a certified copy of the brief of evidence, but had forwarded, in lieu thereof, the original, and because he had failed to transmit, duly certified, the original bill of exceptions.

The certificate of the clerk was as follows : "I hereby certify that the within is a full and complete transcript of the record and proceedings in the superior court of said county, in an action of the state, plaintiff, and William Neal, defendant, and also the bill of exceptions.

"Given under my hand," etc.

It was objected that the counsel for plaintiff in error had been apprized of such defects for several months, and could have had them corrected before the call of the case. Counsel for the state, therefore, moved that the writ of error be dismissed.

The court refused to allow the diminution of the record and dismissed the case.

R. E. KENNON; ARTHUR HOOD, JR., for plaintiff in error.

JAMES T. FLEWELLEN, solicitor-general, for the state·